Anna MASSZONIA, Individually and on behalf of all others similarly situated, Plaintiff,

and

Rose Howard, Hilda Marie Jackson, Individually and on behalf of all others similarly situated, Plaintiff-Intervenors,

v.

Walter E. WASHINGTON, Individually and as Commissioner of the District of Columbia,

and

William H. Brown, Individually and as Water Registrar of the District of Columbia,

and

Lyman C. Delle, Individually and as President of ABC Realty Co., Inc.,

and

ABC Realty Company, Inc., Defendants.

Civ. A. No. 1560–70.

United States District Court, District of Columbia.

Jan. 26, 1971.

See also 315 F.Supp. 529.

Stanley A. Sitnick, Marsha Quintana, Samuel B. Abbott, Neighborhood Legal Services Program, Washington, D. C., for plaintiffs and plaintiff-intervenors.

Walter J. Smith, Jr., Asst. Corp. Counsel, Washington, D. C., for defendant Walter E. Washington.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

ROBINSON, District Judge.

This matter is before the Court on the Plaintiffs' Supplemental Complaint, Motion for Preliminary Injunction and the Appointment of a Receiver Ancillary Thereto, Plaintiffs' memorandum of points and authorities in support thereof, and the Defendant, Walter E. Washington's opposition thereto. The Court heard argument by counsel for Plaintiffs and Defendant Washington on Auguest 21, 1970, and has considered the post-hearing memoranda submitted by Plaintiffs and Defendant Washington, as well as all affidavits in support thereof. On November 5, 1970, the Court heard additional argument by counsel for the Plaintiffs and for Defendant Washington as well as the Plaintiffs' oral Motion for Injunction Pending Appeal. On January 7, 1971, the Court heard Plaintiff-Intervenors' Motion for a Preliminary Injunction. Upon consideration of all of the above, as to the three motions pending: Plaintiffs' Motion for a Preliminary Injunction on their Supplemental Complaint; Plaintiffs' Motion for an Injunction Pending Appeal; and Plaintiff-Intervenors' Motion for a Preliminary Injunction; the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1. The named plaintiff, Anna Masszonia, a tenant in the apartment complex at Fourteenth and Girard Streets, N. W., Washington, D. C., who filed this action on her own behalf and on behalf of all other tenants similarly situated, is the certified class representative of all tenants in that complex. Approximately sixty-six (66) units were occupied at the outset of this litigation.

2. Anna Masszonia, a disabled, low income, welfare recipient, representing a class that is best described as generally low income with at least twenty-six (26) public assistance recipients, has been

granted leave to proceed *in forma pauperis*.

3. The Defendant Walter E. Washington, Commissioner of the District of Columbia, has actively participated in this case through the Corporation Counsel, as has the Water Registrar of the District of Columbia.

4. The ABC Realty Co., Inc., a corporation authorized to do business in the District of Columbia whose president .and registered agent is Lyman C. Delle, is and has been the owner of the apartment complex at Fourteenth and Girard Streets, N. W., since 1961.

5. The ABC Realty Co., Inc., has been served with all pleadings but has not answered the complaint or otherwise entered its appearance. Attempts to locate its officers have failed.

6. Personal service has not been effected on Lyman C. Delle and the District of Columbia has not received a response to its notice of deficiencies, dated August 21, 1970, served at Lyman C. Delle's place of business.

7. The apartment complex consists of three, adjoining, six-story and basement buildings at 1401 Girard Street, N. W., 1405 Girard Street, N. W., and 2804 Fourteenth Street, N. W., Washington, D. C. The exact number of units in this complex cannot be ascertained because of the poor conditions in the complex and the self-help efforts, taken by the tenants at the instruction of this Court, in moving from 2804 Fourteenth Street, N. W., to 1401–1405 Girard Street, N. W., *pendente lite*. It is certain, however, that there are at least one hundred thirty-eight (138) units in the entire complex, with the number of units in the 2804 Fourteenth Street, N. W., building approximately equal to twice the number in either 1401 or 1405 Girard Street, N. W.

There are enough vacant units in 1401 and 1405 Girard Street, N. W., to accommodate the tenants now residing in 2804 Fourteenth Street, N. W.

8. From 1961 until October, 1969, ABC Realty Company has operated the apartment complex without applying for a Certificate of Occupancy.

9. From 1961 until the license year 1968, ABC Realty Company has operated the apartment complex with a valid apartment house license issued by the then Department of Licenses and Inspections for the District of Columbia.

10. Because of unabated housing regulations violations, ABC Realty Company's application for a renewal housing business license on all three addresses for the license year 1968 was pending from July, 1968 until February 3, 1970. On that date, the License Branch of the Department of Economic Development denied that application, as well as applications for the license years ending October 31, 1969 and October 31, 1970. The denials were sustained on March 12, 1970 and May 20, 1970 by the District of Columbia Board of Appeals and Review on the grounds that there was substantial evidence of continuing violations of the housing regulations extant on the complex.

11. On February 26, 1970, a tenant in the apartment complex commenced a lawsuit in the District of Columbia Court of General Sessions against ABC Realty Company, Lyman C. Delle, and one Phillip Minke, on behalf of past and present tenants, seeking to recover rents collected from them since 1961. Mitchell v. ABC Realty Co., Civil Action Number GS 3522–70.

12. At or about this time, some of the tenants began withholding their rent while some continued paying rent until their June 1970 rent payment was returned to them. At this time, no rent is being paid by any of the tenants.

13. At or about the time of the commencement of the General Sessions lawsuit and the first cessation of some rent payments, the Defendant ABC Realty Company ceased to pay water, gas and electricity bills for the complex as they came due. This resulted in the termination of the water services for 2804 Fourteenth Street, N. W., on May 19, 1970 and again on May 21 and 22, 1970, as well as

the threatened termination of the gas and electricity on June 23 and 24, 1970.

14. The basic utilities, including water, gas, electricity, heat and hot water, had been provided by the ABC Realty Company as part of the leasehold and were not under the individual control of, or individually assessed to, the tenants.

15. A substantial number of housing regulation violations have been noted from 1966 to the present, specifically:

1401 Girard Street, N. W., July 12, 1966, 47 violations noted, no notation of abatement; December 8, 1967, 22 violations, no notation of abatement; June 12, 1969, 89 violations noted, 35 remaining at the abatement inspection; May 25, 1970, 262 violations noted, no notation of abatement; July 21, 1970, 268 violations noted;

1405 Girard Street, N. W., June 12, 1969, 63 violations noted, 32 remaining at abatement inspection; May 26, 1970, 200 violations noted, no notation of abatement; July 21, 1970, 193 violations noted;

2804 Fourteenth Street, N. W., December 19, 1967, 105 violations noted, abatement inspection took place on July 19, 1968, with no notation of the extent of the abatement; June 25, 1969, 201 violations noted, 24 remaining at abatement inspection; January 28, 1970, 539 violations noted, abatement order never served; May 25, 1970, 557 violations noted, no notation of abatement; July 21, 1970, 591 violations noted.

16. The violations consist of leaking ceilings, falling plaster, broken windows, inadequate locks, absence of shades and screens, backed-up and broken plumbing fixtures, insufficient heat and hot water, holes in walls, accumulations of trash, rats and roaches. These violations are so numerous, extensive and substantial that the buildings constitute a danger to the health and safety of the occupants.

17. This Court makes no finding as to the exact cost of repairing the boilers in the apartment complex. By affidavit, the Chief of the Bureau of Buildings, Housing and Zoning, Department of Economic Development, has estimated the cost of replacing all of the heating facilities to be one hundred thousand dollars ($100,000.00). This Court does find, however, that the boiler supplying heat and hot water in 1401 and 1405 Girard Street, N. W., is presently operable, requiring only fuel and minor repairs and not replacement. The boilers providing heat and hot water for 2804 Fourteenth Street, N. W., are inoperable and would require major repairs.

18. There is no elevator service in any of the buildings and this condition constitutes a safety hazard to the tenants occupying the upper floors of the complex.

19. Fire damage to the complex, vandalism and the presence of strangers reflects the continual lack of active management in all the buildings and imposes a definite hazard to those who occupy them.

20. The cost of making repairs to the complex, including those necessary to bring it up to an acceptable level for occupancy under the housing regulations, would be substantial.

21. Utilities, including gas, water and electricity, would be an additional and continuing cost.

22. No criminal prosecution has ever been commenced against ABC Realty Co., Inc., or its officers, by the District of Columbia Government.

23. By Opinion, dated July 22, 1970, and Order, dated July 29, 1970, this Court preliminarily enjoined Walter E. Washington, his agents, employees and successors, from failing or refusing to provide water and sewer service, and from failing or refusing to enter into contracts with the Potomac Electric Power Company and the Washington Gas Light Company to provide gas and electric services to the apartment complex *pendente lite,* so long as the tenants lawfully occupy the premises. Masszonia v. Washington, 315 F.Supp. 529 (D.D.C., 1970).

24. This July 22, 1970 Opinion and this July 29, 1970 Order were founded upon and preceded by an application for a temporary restraining order to provide basic utilities, a complaint for declaratory judgment and injunctive relief, amended twice, requesting utility services and filed with the Court on June 24 and July 1, 1970, respectively, a motion for preliminary injunction and its amendment thereto, the opposition of the Defendant Walter E. Washington to Plaintiffs' motion for a preliminary injunction, and a supplemental memorandum in support of the motion for the preliminary injunction filed with the Court on July 15, 1970.

25. Between July 24 and July 27, 1970, the Government of the District of Columbia served upon the tenants in the apartment complex orders to vacate their apartments by August 3, 1970, pursuant to Section 2301 of the Housing Regulations. The notices permitted no request for extension of time and threatened proceedings for court enforcement. At the same time, tenants were referred to the Family Relocation Office of the Redevelopment Land Agency by a letter from the Housing Division requesting for them "such relocation assistance as is permitted by law." Some forty-five (45) families were thus referred.

26. On July 30, 1970, this Court denied the application for a temporary restraining order seeking to enjoin the Defendant Walter E. Washington from issuing these housing orders requiring the tenants of the complex to vacate their apartments and to restrain the Defendant Washington from enforcing or attempting to enforce such orders. This denial was followed by the filing of a Supplemental Complaint requesting the Court to declare, adjudge and hold the orders to vacate void and unenforceable until such time as adequate replacement is offered or reasonable attempts to secure same are made, and, in addition, that in the event the owner of the property fails or refuses to make the necessary repairs, that the Defendant, Walter E. Washington, be enjoined to cause the necessary repairs to be made by virtue of his authority under District of Columbia Code, Section 5–313 (1967).

27. On August 3, 1970, after reconsideration, this Court enjoined the Defendant Walter E. Washington, his agents, servants, employees and successors, from prosecuting any tenant in the apartment complex for failing or refusing to vacate his apartment, and ordered the Defendant Washington to provide relocation services as required by law to the tenants in the complex within two (2) weeks.

28. On August 14, 1970, Plaintiffs moved for a preliminary injunction under the Supplemental Complaint to enjoin the Defendant ABC Realty Company, Inc., to comply with the Housing Regulations, to appoint a receiver ancillary thereto; in the event that the receiver satisfied the Court that the rent revenues were inadequate to achieve compliance by repairs, to enjoin Walter E. Washington to make said repairs and assess tax on the property for the costs, pursuant to the District of Columbia Code, Section 5–313 (1967). Alternatively, the Plaintiffs moved to enjoin Defendant Washington from attempting to evict tenants until they have received a lawful notice to vacate and it shall have expired.

29. On November 5, 1970, the Redevelopment Land Agency submitted a report, dated November 4, 1970, in regard to the apartment complex at Fourteenth and Girard Streets, N. W., which stated that as of November 2, 1970, seventeen (17) families were relocated, six (6) agency assisted and eleven (11) self-relocated. Of the twenty-eight (28) remaining families, six (6) had definite plans to relocate; sixteen (16) were actively being assisted by the Redevelopment Land Agency to establish eligibility for public housing; and six (6) had refused to accept any relocation assistance from the Agency.

30. Rose Howard and Hilda Marie Jackson, lawful tenants of the premises at 1421 Columbia Road, N. W., are the certified class representatives of all the

tenants of the premises at 1421 Columbia Road, N. W., and, on December 23, 1970, were granted leave to file their Complaint in Intervention seeking relief similar to that sought in Plaintiff Masszonia's Second Amended Complaint.

31. The ABC Realty Company, Inc., is the present owner of the premises at 1421 Columbia Road, N. W.

32. Because there is only one water meter for the building and the tenants have never been billed individually, the Defendant ABC Realty Company, Inc., is responsible for providing the water to the premises at 1421 Columbia Road, N. W.

33. The Defendant ABC Realty Company, Inc., has failed or refused to pay the back due water bill for the premises at 1421 Columbia Road, N. W., amounting to two hundred twenty-six dollars and nineteen cents ($226.19).

34. That the Defendant ABC Realty Company, Inc., has abandoned the building at 1421 Columbia Road, N. W., is evidenced by its failure to pay the water bill, the electric bill for the common areas and for the fuel for the heating unit and by its failure to collect rents.

35. Because of the outstanding water bill, the water service for 1421 Columbia Road, N. W., which is necessary not only for drinking, cooking and bathing but also for the hot water heat, was shut off by the District of Columbia on December 21, 1970, and was turned on again only after this Court ordered it on December 23, 1970.

36. The tenants represented by Plaintiff-Intervenors, Rose Howard and Hilda Marie Jackson, have low incomes but have managed to take certain self-help measures, such as paying for the electricity for the common areas; paying for the fuel for the heating unit; depositing in the Registry of the Court as security, a sum adequate to cover the past due water bill; and agreeing to pay the future water bills from December 21, 1970, as they come due.

## CONCLUSIONS OF LAW

1. Although the only matters before the Court at this time are:

(a) Plaintiffs' Motion for a Preliminary Injunction and the Appointment of a Receiver Ancillary Thereto, which motion is based upon their Supplemental Complaint;

(b) Plaintiffs' Motion for an Injunction Pending Appeal; and

(c) Plaintiff-Intervenors' Motion for a Preliminary Injunction, which motion is based upon their Complaint in Intervention;

the issues of law raised by the Supplemental Complaint and the Complaint in Intervention are essentially the same as those issue raised by the Second Amended Complaint. It is evident that the decision on any appeal taken from the order accompanying these findings of fact and conclusions of law will also be controlling as to the ultimate issues raised by the Second Amended Complaint as it involves the Defendant District of Columbia and District of Columbia Code, Section 5–313 (1967) in the present housing crisis.

2. This Court adheres to its conclusion on July 22, 1970, that where low-income tenants who cannot immediately relocate face the imminent failure of essential utility services which are the landlord's responsibility, and the landlord is beyond the effective power of the Court, it is the duty of the District of Columbia under District of Columbia Code, Section 5–313 (1967) to provide these services on a temporary and emergency basis.

3. There is no statutory authority in the District of Columbia that explicitly compels the Government of the District of Columbia to provide the basic utility services, including water, heat, gas and electricity as sought in the Second Amended Complaint, or would explicitly compel it to make repairs of the nature or to the extent sought by the

Supplemental Complaint filed herein. District of Columbia Code, Section 5–313 (1967) confers only a discretionary authority upon the Commissioner of the District of Columbia to correct any condition which exists or has arisen on real property in violation of law or regulation which the owner thereof refuses or fails to correct. This Court has ruled that in view of the current housing crisis it would be an abuse of that discretionary authority not to provide the necessary utilities on an emergency and temporary basis. This Court cannot hold as a matter of law, however, that it would be an abuse of that discretion to fail to provide those utilities on a permanent, continuing basis or to fail to make the extensive repairs sought in this Motion for a Preliminary Injunction, the ultimate, permanent relief sought in the Supplemental Complaint.

 4. There is no statutory authority in the District of Columbia that explicitly compels the District of Columbia to shut off the water supply for failure to pay the water charges. District of Columbia Code, Section 43–1521b (1967) vests discretionary authority in the District of Columbia to shut off the water supply. The District of Columbia might exercise that discretion and shut off the water so that the amount due can be fixed for purposes of the lien acquired under District of Columbia Code, Section 43–1521c (1967). In this case, the amount is already fixed at two hundred twenty-six dollars and nineteen cents ($226.19), and a shut-off would serve no purpose in that regard. The District of Columbia might exercise its discretion by shutting off the water to force the payment of the water bill. But that cannot be accomplished in this situation where it is not at all clear that those who will be coerced by such a shut-off, the tenants who must live in the building at 1421 Columbia Road, N. W., are even liable for that past due bill. It is clear that, where low income tenants have paid rent to a landlord whom they have relied upon to pay the water bills and who has then abandoned the building and its past due water bill, and the relocation of those tenants is difficult, if not impossible with the critical housing shortage in the District of Columbia, it would be an abuse of that discretion to shut off the water and thereby force the tenants to pay for what they may not be liable.

5. The District of Columbia may recover the cost of the utilities and services furnished as a result of and during this litigation by assessing the cost and expenses as a tax against the property pursuant to District of Columbia Code, Section 5–313 (1967), and, specifically for the water, the District of Columbia is authorized to recover the costs involved under District of Columbia Code, Section 43–1521c (1967).

6. If Plaintiffs are denied the essential utilities or if they are criminally prosecuted for refusing to vacate, they will suffer immediate and irreparable injury and their right to appeal the accompanying order may well become moot.

7. Plaintiffs' Motion for a Preliminary Injunction under their Supplemental Complaint, Plaintiffs' Second Amended Complaint, and the Plaintiff-Intervenors' Motion for Preliminary Injunction present important issues of first impression as to the interpretations and administration of housing regulations and statutes in the District of Columbia, as well as questions on the proper role of the judicial vis-a-vis the executive functions of government. Since the determination on appeal of the issues presented herein is vital not only to valuable property rights but also to the public interest in view of the housing crisis facing the District of Columbia, it is urged that an appeal from this action be expeditiously considered.

Consistent with the foregoing Findings of Fact and Conclusions of Law, the Court enters the following Order.

### ORDER

On the basis of the foregoing Findings of Fact and Conclusions of Law, it is by the Court this 26th day of January, 1971;

Ordered, that the Motion for Preliminary Injunction based upon the Supple-

mental Complaint be and hereby is denied; and it is

Further ordered, that, pending appeal, Defendant Walter E. Washington, his agents, employees and successors be and hereby are enjoined from prosecuting or attempting to evict any tenant of 1401 and 1405 Girard Street, N. W., and 2804 Fourteenth Street, N. W., for refusal to vacate the premises; and it is

Further ordered, that, pending appeal, Defendant Walter E. Washington, his agents, employees and successors provide electricity, gas, heat, hot water, water and sewer service to 1401 and 1405 Girard Street, N. W., in such manner and amount as is required of the owner or licensee under the Housing Regulations of the District of Columbia; and it is

Further ordered, that, pending appeal, the Defendant Walter E. Washington, his agents, employees and successors provide to the tenants in the apartment complex such relocation services as are required by law; and it is

Further ordered, that, pending appeal, the tenants of 2804 Fourteenth Street, N. W., be and hereby are authorized to relocate to vacant units at 1401 and 1405 Girard Street, N. W., bearing themselves the expense of such relocation with such assistance as the Redevelopment Land Agency may offer or as is required by law; and it is

Further ordered, that, pending appeal, the Defendant ABC Realty Company, Inc., its agents, employees, officers, successors in interest and assigns be and hereby are enjoined from interfering in any manner whatsoever with the peaceful relocation of the tenants of 2804 Fourteenth Street, N. W., to 1401 and 1405 Girard Street, N. W.; and it is

Further ordered, that, Defendant Walter E. Washington take whatever action is ncessary to minimize further deterioration of 2804 Fourteenth Street, N. W., while it is unoccupied which deterioration might jeopardize Plaintiffs' opportunity to resume occupancy in that building should they prevail on appeal; and it is

Further ordered, that the tenants of the apartment complex at Fourteenth and Girard Streets, N. W., deposit in the Registry of the Court the money allotted to them under the public assistance program for the payment of rent, said money to be held until such time as the rights to said money have been determined by a court of competent jurisdiction; and it is

Further ordered, that for the purposes of appeal the nominal bond posted by Plaintiffs under the July 29, 1970 Order of this Court shall continue in force.

It is further ordered, that the Defendant Walter E. Washington, his agents, employees and successors be and hereby are enjoined, *pendente lite,* from failing or refusing to provide water and sewer services to the tenants of the premises at 1421 Columbia Road, N. W., so long as those tenants pay, within thirty (30) days of demand, any water and sewer charges accruing after December 21, 1970.

It is further ordered, that the sum of two hundred and twenty-seven dollars ($227.00), deposited in the Registry of the Court as security for the December 23, 1970 Temporary Restraining Order shall continue as security for this Preliminary Injunction.